```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

MARLON D. HARGIS, JR.,              :
                                    :   Civil Action No. 10-1006 (JBS)
          Plaintiff,                :
                                    :
                                    :
          v.                        :   **ORDER AND**
                                    :   **ORDER TO SHOW CAUSE**
ATLANTIC COUNTY JUSTICE             :
FACILITY, et al.,                   :
                                    :
          Defendants.               :


For the reasons expressed in the Court's Opinion filed herewith,

It is on this __**18th**__ day of __**May**__, **2010**,

ORDERED that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall serve a copy of this Order by regular mail on the Attorney General for the State of New Jersey and on the Warden or Administrator at the Atlantic County Justice Facility, where plaintiff currently is confined and upon the Office of Atlantic County Counsel; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall serve a courtesy copy of this Order, and all other documents filed in this matter, by certified mail, return receipt requested, upon the Attorney General of the State of New Jersey and the Warden or Administrator of the Atlantic County Justice

Facility and upon the Office of Atlantic County Counsel; and it is further

ORDERED that plaintiff is assessed a filing fee of $350.00 which shall be deducted from plaintiff's prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 fee is paid, each month that the amount in plaintiff's prison account exceeds $10.00, the agency having custody of plaintiff shall assess, deduct from his account, and forward to the Clerk payments equal to 20% of the preceding month's income credited to plaintiff's prison account, with each payment referencing the civil docket number of this action; and it is further

ORDERED that the Complaint is DISMISSED WITH PREJUDICE, as against defendants, the Atlantic County Justice Facility ("ACJF") and the New Jersey Department of Corrections ("NJDOC"), for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and it is further

ORDERED that plaintiff's claim asserting denial of access to the courts for failure to provide an adequate law library is DISMISSED WITHOUT PREJUDICE, in its entirety, as to all named defendants, and in particular, the ACJF library staff, for

failure to state a claim upon which relief may be granted at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and it is further

ORDERED that plaintiff's claims asserting unconstitutional conditions of confinement in violation of the Fourteenth Amendment, SHALL PROCEED at this time, as against the remaining defendants; and it is further

ORDERED that the Clerk of the Court shall issue summons, and the United States Marshal shall serve a copy of the Complaint, summons, and this Order upon the remaining defendants, pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

ORDERED that the remaining defendants shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2); and it is further

ORDERED that, pursuant to 42 U.S.C. § 1997e(g)(2) and Fed.R.Civ.P. 65(a), the remaining defendants shall respond in writing to this Court, within fourteen (14) days from the date of entry of this Order, addressing the allegations of the Complaint so as to enable this Court to determine whether plaintiff's

request for preliminary injunctive relief[1] (Docket entry no. 3) should be granted; and it is further

ORDERED that, plaintiff may file a reply, within five (5) days from receipt of defendants' response to this Order to Show Cause; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in Tabron v. Grace, 6 F.3d 454 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994), which sets forth the requirements for eligibility for appointment of pro bono counsel (in this regard, plaintiff is advised that such appointment is not automatic); and it is further

ORDERED that the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is further

ORDERED that, if at any time plaintiff seeks the appointment of pro bono counsel, pursuant to Fed. R. Civ. P. 5(a) and (d), plaintiff shall (1) serve a copy of the Application for Appointment of Pro Bono Counsel by regular mail upon each party

---

[1] More specifically, the Atlantic County Defendants shall show cause why preliminary injunctive relief should not be granted as to Plaintiff's claim, as a pretrial detainee, of unconstitutional overcrowding in his cell with two other inmates for nine months sleeping on the floor under the toileting conditions he alleges.

4

at his last known address or, if the party is represented in this action by an attorney, upon the party's attorney at the attorney's address, and (2) file a Certificate of Service with plaintiff's Application for Pro Bono Counsel.

        **s/ Jerome B. Simandle**
        JEROME B. SIMANDLE
        United States District Judge