**NOT FOR PUBLICATION**

```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| MARLON D. HARGIS, JR., | Civil No. 10-1006 (JBS) |
| Plaintiff, |  |
| v. | **O P I N I O N** |
| ATLANTIC COUNTY JUSTICE FACILITY, et al., |  |
| Defendant. |  |

**APPEARANCES:**

MARLON D. HARGIS, Plaintiff Pro Se
#177513
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, New Jersey  08330

JAMES T. DUGAN, ESQ.
Atlantic County Department of Law
1333 Atlantic Avenue
Eighth Floor
Atlantic City, New Jersey  08401
    Attorney for Atlantic County Defendants

ANTHONY A. SWAN, ESQ.
City of Atlantic City Department of Law
1301 Bacharach Boulevard
City Hall, Suite 406
Atlantic City, New Jersey  08401-4891
    Attorney for Atlantic City Chief Inspector

**SIMANDLE**, District Judge:

This matter comes before the Court upon the motion of pro se plaintiff, Marlon D. Hargis, Jr. ("Hargis") for reconsideration

of this Court's Opinion and Order entered on May 18, 2010, which dismissed the New Jersey Department of Corrections as a defendant in this matter based on Eleventh Amendment immunity. (See Docket entry nos. 4 and 5). Hargis also seeks to amend or correct the docket to reflect the proper named defendants. Hargis submitted this application June 1, 2010. (Docket Entry No. 8).

This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion for reconsideration will be denied, but plaintiff's motion to amend his Complaint to name defendants will be granted.

## I.  BACKGROUND

In his initial and first amended Complaints, Hargis alleges alleges that he has been confined at the Atlantic County Justice Facility ("ACJF") since August 12, 2009, and has been subject to unconstitutional conditions of confinement. Hargis alleges that he is a pretrial detainee and is housed in a one-man cell with two other inmates. The cell is approximately 7 feet by 5 feet, or 35 square feet in size, which restricts Hargis' movement. He also complains that he is forced to sleep on a mattress on the floor only 13 inches from the toilet. Hargis states that he is frequently exposed to the odor, urine, feces and other bodily fluids of the other persons using the toilet, and that both he

and his mattress are often splashed with toilet water when the toilet is being used.

Hargis states that the ACJF was originally designed to hold 398 inmates, and is now housing more than 1000 inmates on a daily basis. Many inmates are forced to sleep in the multipurpose day room, which is used by 65 to 75 inmates for eating, television, and recreational activities, etc. There are only four tables and 16 chairs for 65 to 75 inmates to use. Consequently, Hargis often has to eat in his cell by the toilet.

Plaintiff further complains that the food served the inmates at the ACJF does not meet nationally accepted nutritional standards or recommended daily food allowances. The food is served cold, diluted, watered down, and adulterated so as to provide for the excessive number of inmates housed at the ACJF. The food is often spoiled, and the trays and juice containers used are dirty. Hargis also alleges that defendant Aramark shortchanges the food served to the inmates so that they are forced to spend money at the commissary for food items, which are set at a price much higher than the normal cost charged in stores outside the jail.

Next, Hargis contends that the law library and the library staff at the ACJF are inadequate and fail to provide access to the courts. He states that there is a 50-page limit for legal research and cases per week for each inmate. The staff also does

not send plaintiff the requested information.  For instance, when Hargis asked for a habeas form, he received a bail reduction form instead.  Hargis alleges that legal research is often delayed and the case law received is not relevant.  Inmates must make their requests for legal research to the case worker who is responsible for transmitting the on-line legal research on Westlaw.  Consequently, the person conducting the research is not trained in the law.  Finally, Hargis claims that his federal habeas case filed in this Court, Hargis v. Cohen, Civil No. 10-695 (JBS), was dismissed because he did not have adequate access to the law library.[1]

Hargis also asserts that defendants have failed to adequately inspect the ACJF to ensure that the facility meets federal, state and local requirements.  As a consequence of this failure to inspect, the inmates, in particular Hargis, are exposed to unsanitary, unhealthy, unsafe, and substandard living conditions.

Hargis seeks an Order enjoining defendants from subjecting him to such unconstitutional conditions of confinement and he also asks for an unspecified amount in damages, and awarding him attorneys' fees and costs of suit.

---

[1] The Court notes that plaintiff's habeas case was still pending before this Court at the time Hargis submitted his Complaint and amended Complaint for filing.  As of the date this Opinion was issued, no dismissal was yet filed or entered in the habeas action, contrary to plaintiff's assertion.

In its May 18, 2010 Opinion and Order, this Court dismissed the ACJF and the New Jersey Department of Corrections ("NJDOC") as defendants in this matter.  The NJDOC was dismissed pursuant to the Eleventh Amendment.  Additionally, the NJDOC and the ACJF were dismissed because they are not "persons" subject to liability under § 1983.  See Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989)(correctional facility is not a person under § 1983).; Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (E.D. Pa. 1976).

The Court also dismissed without prejudice plaintiff's claim alleging denial of access to the courts because Hargis failed to state a claim at this time.  However, the remaining claims alleging unconstitutional conditions of confinement were allowed to proceed.[2]

On June 1, 2010, Hargis filed a motion for reconsideration of the Court's May 18, 2010 Order, which dismissed the ACJF and NJDOC as defendants in this action, and plaintiff's claim alleging denial of access to the courts.  He also asked to amend his Complaint and correct the docket to reflect the names of the appropriate state officials as defendants in this matter.

---

[2] Hargis also filed a motion for a preliminary injunction on April 21, 2010, which is currently pending.

As to the motion to amend, Hargis asks to add ACJF Director Sean Thomas and ACJF Warden Bondaski as the correct defendants in this matter. He also seeks to add individual NJDOC officials as defendants in this matter as follows: Judith K. Ungaro, Supervising "PDS"[3]; Lisa Schofield; Pamela Anderson, nurse practitioner; Captain Robert Johnson; Barbara Green, Executive Assistant; Suzanne Miller, staff nurse; William Freeman, Supervising PDS; and Richard Durkin, Supervising PDS. Hargis also alleges that the inspectors of the ACJF are employees of the NJDOC.

Hargis alleges that on September 24 and September 25, 2007, defendants Ungaro, Schofield, Anderson and Johnson inspected the ACJF and filed a report, which was given to County Executive Dennis Levinson. Another inspection was conducted on October 21 and 22, 2008 by defendants Ungaro, Green, Miller, Johnson and Freeman. The 2007 inspection report indicated a jail population of 1139 inmates, almost three times more than jail capacity. ACJF staff totaled 185 persons, less than one-third of the number of inmates. Consequently, Hargis alleges that this report indicates a fire, health, safety and security hazard at ACJF.

Hargis admits that the 2007 report found that ACJF was in compliance despite the triple celling and placement of removable

---

[3] Hargis does not explain what the acronym "PDS" means in his motion to amend or correct the docket and complaint.

plastic bunks by the cell doors.  Namely, the NJDOC Commissioner determined, according to N.J.S.A. 10a:31-21(2), that strict compliance with capacity requirements would result in an undue hardship on the overall management of the county correctional facilities.  However, Hargis argues that N.J.S.A. 10A:31-3.6(c) requires that detainees be placed in elevated bunks.  He also recites requirements for re-inspection and procedure for remedying violations if found.  Hargis contends that the NJDOC Commissioner must initiate legal action if deemed necessary to enforce code requirements.  He claims that N.J.S.A. 10:31-14.2 protects inmates at jail facilities from abuse.

## II.  ANALYSIS

### A.  Motion for Reconsideration

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999).  Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b).  Id.  In the District of New Jersey, Local Civil Rule 7.1(I) governs motions for reconsideration.  Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the

7

Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(i); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(I).  "The word 'overlooked' is the operative term in the Rule."  Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus,

reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing. See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(I) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments

or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." <u>Tishcio v. Bontex, Inc.</u>, 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Hargis fails to provide any evidence to show that this Court "overlooked" a factual or legal issue that may alter the disposition of the matter, which is necessary for the Court to entertain the motion for reconsideration. Rather, Hargis now attempts to name individual inspectors or other officials with the New Jersey Department of Corrections who he claims had personal knowledge and involvement in the inspection and failure to remedy the conditions at Atlantic County Justice Facility.

In addition, Hargis asks to reinstate his denial of access to courts claim. However, he fails to allege an injury in fact necessary to resurrect his claim. Accordingly, his motion for reconsideration will be denied because Hargis fails to satisfy the threshold for granting a motion for reconsideration. He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice.

However, it is plain that the more appropriate remedy Hargis seeks in this instance is amendment of his Complaint to name the

10

new individuals as defendants with respect to his conditions claims as set forth in his motion.  This Court will review the proposed amendment, as alleged, in the next section below.

B.  Amendment of Complaint

The Court now turns to Hargis' motion to amend his Complaint to name specific NJDOC employees/officials as defendants in this action regarding his conditions claim and the allegation that they failed to properly inspect the ACJF and correct/remedy the violations of conditions found in the 2007 and 2008 inspections.

Amendments to pleadings are governed by Federal Civil Procedure Rule 15, which provides that the Court "should freely give leave when justice so requires."  Fed.R.Civ.P. 15(a)(2). The Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities.  Dole v. Arco Chemical Co., 921 F .2d 484, 487 (3d Cir. 1990);  Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989).  An amendment must be permitted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)(citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

This Court finds that plaintiff's claims against the newly named defendants, regarding their inspection of the conditions at ACJF and failure to report and/or remedy same, may proceed at

Case 1:10-cv-01006-JBS-JS Document 29 Filed 12/28/10 Page 12 of 12 PageID: 306

this time. Therefore, plaintiff's motion to amend his Complaint will be granted.

### III. CONCLUSION

Therefore, for the reasons expressed above, Hargis' motion for reconsideration (Docket entry no. 8) will be denied; however, his motion to amend his Complaint to correct or add the proper defendants (Docket entry no. 8) will be granted. An appropriate Order follows.

                    **s/ Jerome B. Simandle**
                    JEROME B. SIMANDLE
                    United States District Judge

Dated: **December 28, 2010**