**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARLON D. HARGIS, JR.,           :
                                 : Civil Action No. 10-1006 (JBS)
          Plaintiff,             :
                                 :
                                 :
     v.                          : **OPINION**
                                 :
ATLANTIC COUNTY JUSTICE          :
FACILITY, et al.,                :
                                 :
          Defendants.            :

**APPEARANCES**:

    MARLON D. HARGIS, JR., Plaintiff <u>pro se</u>
    #177513
    Atlantic County Justice Facility
    5060 Atlantic Avenue
    Mays Landing, New Jersey 08330

    JAMES T. DUGAN, ESQ., ASSISTANT COUNTY COUNSEL
    ATLANTIC COUNTY DEPARTMENT OF LAW
    1333 Atlantic Avenue, 8th Floor
    Atlantic City, New Jersey 08401
        Counsel for Atlantic County Defendants

    ANTHONY A. SWAN, ESQ.
    CITY OF ATLANTIC CITY DEPARTMENT OF LAW
    1301 Bacharach Boulevard
    City Hall, Suite 406
    Atlantic City, New Jersey 08401-4891
        Counsel for Atlantic City Chief Inspectors

**SIMANDLE**, District Judge:

This matter comes before the Court on the motion (Docket entry no. 3) of plaintiff, Marlon D. Hargis, Jr. ("Hargis"), for a preliminary injunction. Defendants filed a letter brief with supporting affidavits in opposition to plaintiff's motion on or

about July 20, 2010.  (Docket entry no. 17).  Plaintiff filed a reply letter in support of his motion on August 6, 2010.  (Docket entry no. 19).   This matter is being considered on the papers pursuant to Fed.R.Civ.P. 78.  For the reasons set forth below, plaintiff's motion for preliminary injunctive relief is denied.

## I.   BACKGROUND

On or about February 25, 2010, Hargis filed a civil rights Complaint, pursuant to 42 U.S.C. § 1983, against numerous defendants asserting claims that he is confined under unconstitutional conditions in violation of his rights under the Fourteenth Amendment.  Shortly thereafter, Hargis filed a motion for a preliminary injunction to enjoin defendants from keeping him in a three-man cell on a portable bunk on the floor, and to remove all third bunks from the cells.  Defendants filed an opposition on July 20, 2010.

In its opposition, defendants provide affidavits from Joseph Bondiskey, Warden at Atlantic County Justice Facility ("ACJF"), which state that Hargis is no longer bunked in a three-man cell or sleeping on a portable bunk on the floor since July 6, 2010.  Accordingly, Hargis' motion for preliminary injunctive relief is rendered moot.

Further, in a second affidavit, Bondiskey states that ACJF personnel have made efforts to minimize overcrowding at ACJF, including new policies for bail release to reduce inmate

population, electronic monitoring, adding bedding space in Annex B, C, and D, and Alpha, Bravo, Charlie and Delta Pods in the Mail Jail, and providing discharge planning services and life skills and recidivist reduction programs to further reduce inmate population.

In his reply, dated August 6, 2010, (Docket entry no. 19), Hargis does not refute that he is no longer bunked in a three-man cell, but complains that overcrowding still exists as well as three-man bunking in general, which exposes him and others to health and security risks of harm.

## II.   DISCUSSION

To secure the extraordinary relief of a preliminary injunction or temporary restraining order ("TRO"), plaintiff must demonstrate that "(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendants]; and (4) granting the injunction is in the public interest." Maldonado v. Houston, 157 F.3d 179, 184 (3d Cir. 1998), cert. denied, 526 U.S. 1130 (1999)(as to a preliminary injunction); see also Ballas v. Tedesco, 41 F. Supp.2d 531, 537 (D.N.J. 1999) (as to temporary restraining order).  A plaintiff must establish that all four factors favor preliminary relief. Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187 (3d Cir. 1990).

Plaintiff's request for a preliminary injunction initially pertained to his placement in a three-man cell with a portable bunk on the floor near a toilet.  He has since been reassigned to G-left, cell #4 with one bunk mate and is no longer sleeping on a portable bunk on the floor since July 6, 2010.  See Bondiskey Affidavit A at ¶¶ 5-9.  However, a prisoner lacks standing to seek injunctive and declaratory relief if he is no longer subject to the alleged conditions.  See Abdul-Akbar v. Watson, 4 F.3d 195, 197 (3d Cir. 1993); Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981).  Because Hargis has been reassigned to a two-man cell without a portable bunk on the floor, his motion for preliminary injunctive relief as to his personal condition of confinement must be denied as moot.

Moreover, Hargis is unable to show likelihood of success on the merits or irreparable harm given Bondiskey's second affidavit that shows several significant efforts that have been made to reduce the inmate population at ACJF.  Indeed, Warden Bondiskey relates several measures that have been implemented pursuant to state court-supervised litigation to reduce overcrowding concerns at ACJF.  Counsel for defendants also express concern that a complete bar to utilizing portable bunks would work irreparable harm to the government and would not be in the public interest where there are not sufficient funds to build new facilities and wholesale releasing of inmates to reduce inmate population to the

4

capacity suggested by plaintiff would pose a risk to the safety of the community.[1]

Hargis' claims of irreparable harm are based on potential but unrealized risk of health hazards to other inmates. He does not allege that exposure to health risks, such as MRSA and tuberculosis, have not been or are not being addressed or remedied. In fact, Hargis admits that there are screening

---

[1] The Court recognizes that the defendants did not expound on these last two factors, but finds that the monetary burdens and safety concerns to the public at large are readily apparent if defendants were to be required to immediately reduce the inmate population by ridding the facility of portable bunks to reach an arbitrary inmate capacity at ACJF. The measures undertaken by defendants to address overcrowding concerns, if implemented with vigor and consistency, have the capacity to significantly reduce the jail population and to speed the time to case resolution for pretrial detainees. If such measures fail, of course, further reductions to alleviate unconstitutional conditions can be court-ordered. The public interest in safe, secure jail facilities is best served, at this point, by monitoring how these new reforms work to reduce the county jail population. That such cooperative measures between the county administration, the Superior Court, the municipal courts, the sheriff, the warden, the prosecutor, the probation department, the private defense bar, and the defenders' office can achieve significant improvements in jail conditions has been demonstrated with respect to the Camden County Correctional Facility in the federal-court supervised environment of <u>Dittimus-Bey v. Camden County Correctional Facility</u>, Civil No. 05-0063 (JBS). The twin goals of providing more humane jail conditions at reduced public expense by eliminating unnecessary confinement can be achieved through such across-the-board managerial reforms implemented by consent decrees. <u>Id.</u> (motion to approve third consent decree pending). Such efforts in Camden County, implemented through an expert consultant retained by the County through a consensus process, have reduced the jail population from approximately 1,800 to 1,300 in about 15 months. <u>Id.</u> Hopefully, Atlantic County's efforts will result in comparable or greater reductions of population.

measures for incoming inmates but complains without factual support that these screening or intake procedures are not successful.  Consequently, where Hargis cannot show all four factors necessary for issuance of a preliminary injunction, his motion must be denied at this time.

### III.  CONCLUSION

Therefore, for the reasons set forth above, plaintiff's motion for a preliminary injunction order will be denied at this time.  An appropriate order follows.


 s/ Jerome B. Simandle 
JEROME B. SIMANDLE
United States District Judge

Dated: **December 28, 2010**